IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
2ND DIVISION _____ DIVISION

STEPHEN "STEVE" SOUTH           PLAINTIFF

v.    NO. 23CV-16-544

JACK RABBIT USA, LLC,
JACKRABBIT SERVICES, LLC and
DAVID HAIN, INDIVIDUALLY and PERSONALLY    DEFENDANTS

FILED
2016 APR 22 PM 2 35
RHONDA WHARTON, CLERK
BY _____ DC

## COMPLAINT

Plaintiff, Stephen "Steve" South, for his cause of action against the Defendants, states:

### I. STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by Ark. Code Ann. § 16-13-201. Plaintiff has suffered losses and damages in an amount in excess of any minimum requirement for federal court jurisdiction in diversity of citizenship cases.

2. Venue is proper under Ark. Code Ann. § 16-60-112 in that the incident herein complained of occurred in Faulkner County, Arkansas. At the time of the incident described further herein, Defendants operated a business in Conway in Faulkner County, Arkansas.

### II. PARTIES TO THE CLAIM

3. Plaintiff is a resident of Schaumberg, Illinois.

4. Defendant David Hain may be served with process notice to 103 E. Robins Street Conway, AR 72032. Defendant JackRabbit Services, LLC may be served with process notice to Corporate Services Company, located at 1201 Hays Street, Tallahassee, FL 32301. Defendant Jack Rabbit U.S.A., LLC may be served with process notice to George R. Mead, II, located at 350 West Cedar Street, Suite 100, Pensacola, FL 32502.

### III. STATEMENT OF THE CASE

5. On August 06, 2014 Plaintiff, Stephen "Steve" South, was at the Holiday Inn Express in Conway, Arkansas when he discovered that his rental vehicle, a 2014 Dodge Caravan, had a flat


EXHIBIT

tire. Plaintiff then called for roadside assistance. The call was routed to Jack Rabbit USA, LLC, then to its contracted associate, Jack Rabbit Services, LLC, and then to its local office owned and operated by David Hain, who then dispatched a service technician to the scene to assist Plaintiff. The service technician was accompanied by a minor of some familial relationship that was assisting the service technician. During the course of changing the tire, the service technician asked Plaintiff to assist him in locating the spare tire and then later to assist him in putting the damaged tire into the rear of the vehicle. While the service technician and Plaintiff were performing the above tasks, the minor used a jack to raise the car to change out the damaged tire. While Plaintiff was at the rear of the vehicle, the tire slipped off of the jack and the rear hatch of the vehicle, having been opened, then struck Plaintiff in the head causing Plaintiff severe head trauma. Ever since the incident, Plaintiff has continued to suffer neurological problems.

## IV. NEGLIGENCE

6. The Defendants is guilty of negligence, which was the proximate cause of the above described incident and Plaintiff's resulting damages in the following particulars:

(a) by asking Plaintiff to assist in the roadside matter;

(b) in failing to keep the vehicle properly secured;

(c) in failing to properly use a jack and raise the vehicle securely;

(d) in failing to exercise ordinary care for Plaintiff's safety;

(e) in allowing a minor to assist in performing any part of the roadside assistance; and,

(f) in failing to properly supervise their employees and the method used while responding to roadside assistance calls.

7. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from this complaint. These charges are reasonable and were the usual and customary charges made for such services.

8. At all relevant times and places herein, Plaintiff was in the exercise of due care and was without negligence on his part.

## V. DAMAGES

9. As a proximate result of the negligence and recklessness of the Defendants, Plaintiff sustained head trauma with permanent neurological complications and consequences.

10. At the time of the incident, Plaintiff was able to function without any limitation in his cognitive ability. As a proximate result of the incident caused by Defendants' negligence and recklessness, Plaintiff is no longer able to maintain or perform the same cognitive skills as he was prior the incident. As a result, Plaintiff has lost the ability to enjoy certain activities and suffers from chronic pain and cognitive impairment as will be shown by the evidence presented at trial.

11. Plaintiff claims he is entitled to recover for the following damages, all of which were proximately caused by the negligence of the Defendant:

   (a) damages for emotional distress suffered by Plaintiff after the injury and continuing through the present;

   (b) damages for pain and suffering visited upon the Plaintiff due to his injuries;

   (c) damages for future pain and suffering;

   (d) compensatory damages for medical and other out of pocket expenses;

   (e) damages for medical expenses to be incurred in the future;

   (f) compensatory damages for lost wages;

   (g) damages for the long lasting impact for the traumatic brain injury and its affect on his cognitive abilities; and,

   (h) any and all other damages allowed under state and federal law.

12. Plaintiff's total compensatory damages shall be proved by the evidence presented at trial and are within any jurisdictional requirements of this Court.

## VI. DEMAND FOR JURY TRIAL

13. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount in excess of any minimum requirement for federal court jurisdiction in diversity of citizenship cases; post judgment interest where applicable; court costs, attorney fees, and for all other relief to which

Plaintiff may be entitled.

                                      Respectfully submitted,

                                      _____
Gary Green
Ark Bar. No. 79074
LAW OFFICES OF GARY GREEN
1001 La Harpe Boulevard
Little Rock, Arkansas 72201
Ph. (501) 224-7400 x. 3022
Fx. (501) 224-2294
gary.green@ggreen.com